# Pond *v.* The State.

## *Indictment for Burglary.*

1. *Sufficiency of indictment.*—An indictment which charges that the defend-ant "broke into and entered the store-house of R. D., with the intent to steal, *where* there *was*, at the time of such breaking and entering into said store-house, goods, merchandise, or other valuable things, *was* kept for use," &c., though expressed in careless and ungrammatical language, is sufficient on demurrer.

2. *Proof of confession, or conversation, by witness who remembers part only.* — When a witness, testifying to a conversation or confession, admits that he can not recollect all that was said at the time, this is no reason for rejecting his testimony entirely.

3. *Proof of venue after evidence has closed.*—It is discretionary with the court below to permit a witness to be recalled, for the purpose of proving the venue, after the evidence has closed, and during the argument to the jury.

FROM the Circuit Court of Elmore, on change of venue from Coosa.

Tried before the Hon. JAMES Q. SMITH.

The indictment in this case was in these words : "The grand jury of said county charge, that before the finding of this indictment, that George Pond broke into and entered the store-house of Robert Davidson, with the intent to steal, where there was, at the time of such breaking and entering into said store-house, goods, merchandise, or other valuable things, was kept for use, sale, or deposit; against the peace," etc. The defendant demurred to the indictment, "on the ground that it fails to aver that there was goods, merchan-dise, or other valuable thing kept for use, sale, or deposit, in said store-house at the time of the breaking and entering." The court overruled the demurrer, and the defendant then pleaded not guilty.

"On the trial," as the bill of exceptions states, "the State introduced Robert Davidson as a witness, who testified, that his store-house had been broken open, and some whiskey, ten or twelve dollars in nickels, some silver, and a pair of shoes, taken from said store-house. The solicitor then asked said witness, if he had heard the defendant say anything about the goods that were taken out of his store; to which the witness answered, that the defendant said that some shoes that were in court, and which were found in defend-ant's possession, were the shoes that were taken out of his house. The witness was then asked, by the defendant's attorney, if that was all the conversation; to which he re-

[Pond v. The State.]

plied, that he did not know—it was his opinion it was not. The witness was then asked, if the defendant did not, in the same conversation, say that he received the shoes from another person, who had broken and entered the store; to which he answered, that he believed this was said, but he did not remember the exact words used by the defendant in addition to the evidence above set forth. The defendant thereupon asked the court to exclude from the jury so much of the testimony of said witness as related to the confession of the defendant, on the ground that the witness could not state the whole of the conversation; which motion the court overruled, and the defendant excepted.

"After the evidence had been closed, and the case opened by the solicitor, and while the defendant's attorney was addressing the jury, a question arose, as to whether the venue in the case was proved; the defendant's counsel stating that it was not, and the solicitor insisting that it was proved by the witness Davidson. The solicitor then offered said Davidson to restate what he had before stated as to the venue; to which the defendant objected, because the case had been closed and submitted to the jury; but the court overruled the defendant's objection, and allowed the witness to be asked, if he had not, on his examination in chief, stated where the offense was committed. The witness stated, that he did in reply to the question of the solicitor, and that he said it was at Rockford, in Coosa county; to which the defendant duly excepted."

S. J. DARBY, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

MANNING, J.—The form of accusation for the offense with which defendant is charged in this case is plainly indicated in the Code; and, though the indictment contained in this record is negligent and ungrammatical, in language and construction, we cannot impute to it a different meaning from that conveyed in the form prescribed by law. It being charged that the defendant had broken *into* and *entered* the store-house specified, the word "where" must be understood, in that connection, as equivalent to the statutory words "in which." There was not error in overruling the demurrer.

2. The objection to the statement by witness Davidson of his conversation with defendant was properly overruled. Because the witness testified that he could not undertake to repeat all that was said by the accused, is not a sufficient reason for refusing to receive what he could remember. A

[Wetmore v. The State.]

witness who should deny recollection of what he knew was said, would be as much guilty of perjury, as if he willfully misstated what he professed to have heard defendant say. The jury can generally determine, by the answers upon cross-examination, and other evidence in the cause, as well as by what a witness may say on examination in chief, how much value ought to be attributed to his testimony.—*Bob v. The State*, 32 Ala. 360.

3. The circuit judge did not err in permitting a witness to be recalled, to prove what he had said about the venue of the offense charged. To prove the venue, he might allow a witness to come in after the examination had closed, though no such testimony had been given. The judge presides to see that justice be done to both parties; and in reference to such a particular as the *venue*, the mere place at which an offense is supposed to have been committed, he ought generally himself to see to it that it be proved when the evidence for the State is given in.

We find no error in the record, and the judgment is affirmed.