WIGGINS vs. THE STATE OF GEORGIA.

1. An indictment which designated the defendant as "H. Wiggins" was not demurrable on the ground that no person cou'd be indicted by the initial of his Christian name instead of the name itself.

2. A plea of misnomer should not only state what the true name of the accused is, but should further allege that he was not known and called by the name under which he was indicted.

3. Where, after counsel for the defendant had closed his argument, a controversy arose between him and the attorney for the State as to whether or not the venue had been proved, there was no error on the part of the court in stating that it had been testified that the offence occured in Glynn county. The court could decide such a controversy, if he thought proper to do so and remembered the testimony. If he did not remember it, he could allow the witness to return to the stand to testify as to whether or not he had sworn

that the offence was committed in that county; or, in his discretion, the court might allow the witness to testify originally as to the venue.

4. Where it appears that the witness had previously testified as to the venue, after his reintroduction to settle a controversy respecting his former testimony on that subject alone, there was no error in refusing to allow counsel for the defendant to reargue the entire case, the court stating that it had been fully argued already.

5. The verdict was demanded by the evidence.

March 28, 1888.

Criminal law. Indictment. Pleadings. Practice in superior court. Witness. Venue. Attorney and client. Before Judge ATKINSON. Glynn superior court. May term, 1887.

Reported in the decision.

FRANK H. HARRIS, for plaintiff in error.

J. I. CARTER, solicitor-general, and ROBT. B. TRIPPE, by brief, for the State.

BLANDFORD, Justice.

The plaintiff in error was indicted by the grand jury of Glynn county, for keeping open a tippling-house on the Sabbath day. He was found guilty and moved for a new trial upon several grounds, which was refused; and he excepted.

1. The indictment was demurred to in the court below on the ground that the defendant was designated therein by the name of " H. Wiggins," it being contended that no person could be indicted by the initial of the Christian name, as in this instance, instead of the Christian name. The court overruled the demurrer; and this is one of the grounds of error insisted on here. What the name of the defendant really was, we do not know; whether the " H " was the initial letter of the Christian name, as it is called, of the defendant or not, we cannot say; but the defendant was

known to the grand jury of the county by the name which appears in the indictment, to-wit, "H. Wiggins"; and this name was sufficient. A person may be arrested under a warrant that merely describes his person, the color his eyes and hair, his complexion, height, weight, etc., where his name is unknown; and he may be indicted and convicted under such a description. It would perhaps be better if the solicitor-general, in indictments of this sort, would set forth that by this name the defendant was known to the jurors, or that he was unknown by any other name than the name by which he stood indicted; but we think that the name as it appeared in this indictment was sufficient, and that the court committed no error in overruling the demurrer.

2. After the demurrer was overruled, the defendant filed a plea in abatement, in which plea he stated that his name was not "H. Wiggins," but "Honorine Wiggins"; but the plea failed to state that he was not known and called by the name of "H. Wiggins." This plea was demurred to, and the court sustained the demurrer and struck the plea. We think that the court did right in striking that plea. The case of *Wilson vs. The State*, 69 *Ga.* 224 is an authority in point. It was there ruled that a plea of misnomer should not only state what the true name of the accused was, but should further allege that he was not known and called by the name under which he was indicted.

3. It appears that after counsel for the defendant had closed his argument in the court below, there was a controversy between counsel for the accused and the State's attorney, as to whether it was proved that the offence had been committed in the county of Glynn or not. The court stated that it had been testified that it occurred in the county of Glynn; and it is so stated in the evidence as it appears in the record here. But to settle the controversy, the court allowed counsel for the State to recall the witness. Whether he was recalled to testify as to what he had formerly testified when upon the stand before in the

Wiggins *vs.* The State of Georgia.

same trial, as to whether the offence had been committed in the county of Glynn; or whether he was recalled to testify originally as to that fact, does not appear. This is alleged as error. We do not think that the court erred in permitting this witness to be recalled and to testify as stated. We think the court could have decided the controversy between counsel himself, if he had thought proper to do so, if he remembered the testimony.. If the witness had testified that the offence was committed in the county of Glynn, the court could so state. But if he did not remember the testimony, he could allow the witness to go back upon the stand to testify as to whether or not he had sworn that the offence was committed in the county of Glynn; or he had a right, in his discretion, to open the case and allow the witness to be called back, and to testify originally as to whether or not it was committed in the county of Glynn. That was in his discretion.

4. Complaint is made by counsel for the plaintiff in error that the court would not allow him to reargue the whole case after this witness had been recalled and testified, the court stating that the case had been fully argued already, and that the testimony of this witness did not change his proposition, that the witness had already testified that the offence was committed at " Hell's Half Acre " in the county of Glynn. We do not think that the court erred as complained of in this ground. That the witness had so testified appears from the evidence set out in this record. And we must allow the courts some discretion in controlling their own proceedings. They are supposed to know the character of the cases before them, and the amount of argument proper to be had. Moreover, this action of the court could not have changed the result in this case.

5. It is clear that the accused was guilty. No jury with respect for its oath could have returned any other verdict. The verdict was absolutely demanded by the evidence. The judgment of the court below refusing a new trial is affirmed.