STATE *vs.* LAWRENCE MARTIN.

Franklin.    Opinion April 8, 1896.

*Practice.    Presiding Justice.    Discretionary Power.*

It is entirely within the discretion of the judge presiding at a jury trial to vary the ordinary order of procedure, whenever in his opinion the occasion requires it, and at any stage of the trial to permit evidence to be offered which had been admitted through inadvertence, or which had not before come to the knowledge of counsel. And the exercise of this discretion is not subject to revision on exceptions.

In the trial of an indictment alleging a single sale of intoxicating liquors, after the arguments for the respondent and the State had been concluded, the presiding justice allowed the county attorney against the respondent's objection, to call a witness to testify to the place where the sale had been made, about which there had been no testimony up to that time.

*Held;* that this was not the subject of exception.

ON EXCEPTIONS BY DEFENDANT.

The case appears in the opinion.

*E. E. Richards,* County Attorney, for State.

*H. L. Whitcomb,* for defendant.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, JJ.

WISWELL, J.    In the trial of this case, an indictment alleging a single sale of intoxicating liquors, after the arguments for the respondent and the State had been concluded, the justice presiding allowed the county attorney, against the respondent's objection, to call a witness to testify to the place where the sale had been made,

about which there had been no testimony up to that time.   To this proceeding the respondent takes exception.

This is a matter entirely within the discretion of the presiding justice.   Whenever in his opinion the occasion requires it, he may vary the ordinary order of procedure and at any stage of the trial permit evidence to be offered which had been omitted through inadvertence, or which had not before come to the knowledge of counsel.   Nor is the exercise of this discretion subject to revision on exceptions.   *McDonald* v. *Smith*, 14 Maine, 99; *Ruggles* v. *Coffin*, 70 Maine, 468.

It is argued in support of the exceptions that, by allowing the evidence to be introduced at that time in the trial, the respondent was left without an opportunity to introduce evidence in rebuttal, and his counsel without an opportunity to comment upon this testimony.   If either had been desired, it should have been asked for; and it is safe to assume that such a request would have been readily granted.

*Exceptions overruled.*