## JACKSON v. THE STATE.

No error of law was committed, and there was sufficient evidence to authorize the verdict.

Submitted October 23, — Decided October 29, 1903.

Indictment for simple larceny. Before Judge Lewis. Baldwin superior court. September 7, 1903.

*John R. Cooper* and *John T. Allen*, for plaintiff in error.
*J. E. Pottle, solicitor-general*, contra.

SIMMONS, C. J. In the superior court of Baldwin county William Jackson was convicted of hog-stealing. He moved for a new trial, and the motion was overruled. He excepted. There was no doubt that the hog had been stolen ; that much was incontrovertibly proved. The question was as to Jackson's connection with

the theft.   On this question it was argued that the evidence was insufficient to support the verdict; but we think differently.   The evidence showed that the hog had been killed with a piece of rock in an out-of-the-way place.   From this place to the house of the father of the accused were the tracks of three persons, and the shoes of the accused were such as the tracks indicated one of these persons wore.   At the house of the accused's father was found one half of the stolen hog.   This half was positively identified, and appeared to have been hurriedly and badly butchered. The witness immediately went to the house of the accused, into which he had just been moving.   The accused was in front of the house with a loaded wagon.   The witness told him he would have to go to town with him for hog-stealing.   The accused dropped his head and got out to unload.   He took his baby into the house, jumped out of a window, and ran.   In the house the witness found a piece of fresh pork, identical with the meat seen at the house of the father of the accused.   Another witness just afterward found a tub containing half of a hog, which had been brought up ·on the wagon and which seems to have been on the wagon at the time the accused jumped through the window and ran.   This was, we think, sufficient to connect the accused with the theft.   From it a jury could well and properly find that he was guilty, and the trial judge did not abuse his discretion in refusing to grant a new trial upon the general grounds.

The evidence as to finding part of the stolen meat in the house of the father of the accused was objected to upon two grounds. One of these was that this evidence was not admissible against the accused, but, if admissible at all, could be used only against his father.   We think that the evidence sufficiently connected the accused with this meat.   The meat was identified as that stolen, and it was shown that the accused had possession of other meat which the jury could well have found was part of the same hog. The other ground of objection was, that, as the witness had no search warrant, the admission of this evidence was contrary to the provision of the constitution that no person is to be compelled to furnish evidence against himself.   In the first place, evidence is not generally rendered inadmissible by its having been discovered by an illegal search.   *Williams* v. *State*, 100 *Ga.* 511.   In the second place, this evidence does not appear to have been gained by

any force or compulsion ; the witness entered, without objection, the front room of the house and saw the meat in a tub in the adjoining room. In the third place, the accused was not present when the witness saw the tub of meat; and to hold that the admission of evidence of what the witness saw in a house with which the accused had nothing to do, while the accused was not at or near that house, was compelling the accused to furnish evidence against himself, would be to strain considerably the constitutional provision invoked. It was also objected that the admission of this evidence was a denial to the accused of the equal protection of the laws, under the constitution of the United States. It was not pointed out wherein this provision of the constitution was violated, and, in the absence of a more specific assignment of error, we are unable to grasp the point of the exception. Indeed counsel for the accused seem not to have insisted on it in their brief.

Complaint is made that the court charged : " The State is not required to demonstrate to a mathematical certainty his guilt, but it does have to show to a moral and reasonable certainty his guilt. If the State has succeeded in doing this, then this presumption in his favor is removed, and it is your duty to convict. If the State has failed to do this, then it is your duty to acquit the defendant." This question was settled, contrary to the position taken by the plaintiff in error, in the case of *Bone* v. *State,* 102 *Ga.* 387. See also *Davis* v. *State,* 114 *Ga.* 108. That the jury should take the law from the court is settled in this State. See annotations to Penal Code, § 1033. And it is not error to so charge the jury. Nor is it error to charge that the particular facts of decisions read by counsel had nothing to do with the case so far as the jury were concerned, the law applicable to the facts in the case on trial being given them by the court in its charge. See *Solomon* v. *State,* 100 *Ga.* 81. Exception is taken to the court's having charged upon the subject of recent possession, on the ground that there was no evidence to authorize a charge on this subject. We are clear that this exception is not well taken.

The last exception is to the court's having allowed the case to be reopened, after the witnesses for both sides had been dismissed and after the State's counsel had concluded his argument and while counsel for the accused was making an argument. The case was reopened and one of the State's witnesses was reintroduced and

permitted to testify as to the sex of the hog stolen. It is not shown that this evidence was untrue, or that the accused had any evidence to contradict it, or that he was in any way deprived of any substantial rights by its having been admitted at so late a stage of the trial. This was a matter within the discretion of the trial court, and it does not appear that in this case this discretion was abused. *Harrison* v. *Powers,* 76 *Ga.* 220; *Wiggins* v. *State,* 80 *Ga.* 468. All of the exceptions made raise questions which have been already settled by this court, and it would be useless to discuss them at length. The trial judge did not err in overruling the motion for new trial.

> *Judgment affirmed. All the Justices concur.*