### JOHNSON *v.* THE STATE.

FISH, C. J.  1. The court instructed the jury as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, Will Johnson, was the aggressor, and that he, actuated by malice aforethought, either express or implied, with a pistol shot the deceased, Will Solomon, at the time and place in the manner charged in the indictment, then the defendant would be guilty of the offense of murder, and you would be authorized in convicting him." This charge was not without evidence to support it, nor did it contain an expression of opinion by the court that the accused was the aggressor. Nor was the substantial repetition of the same instruction to the jury, in a recharge at their request, erroneous on the ground that it was given at the conclusion of such recharge, or on the ground that it inflamed the minds of the jury and was prejudicial to the accused as focusing the minds of the jury upon the theory that the accused was the aggressor.

2. The court did not err in admitting the statement of the decedent as to the cause of his death and the person who killed him. There was evidence that the decedent at the time he made the declaration was in a dying condition and was conscious of the fact. Penal Code (1910), § 1026.

3. The evidence of a witness that he heard another person say, upon hearing the report of the pistol that killed the decedent, "He has shot that boy," was objectionable as hearsay evidence and the expression of an opinion (*Carr* v. *State*, 76 *Ga.* 592 (3)), and, not being strictly responsive to any question propounded by counsel for the accused, should have been excluded upon his motion; but as the remark was so indefinite that it could apply as well to the decedent as to the accused as the party doing the shooting, and as there was only one shot fired, and the accused in his statement admitted firing the shot that killed the deceased, the refusal of the court to rule out the remark as hearsay was manifestly not hurtful to him.

4. The court stated a correct legal principle in instructing the jury that "One would not be justified, under the law of self-defense, in killing another to prevent the commission of an injury upon him which would amount to nothing more than a misdemeanor." This charge was not erroneous for either of the following reasons: (*a*) that "it was confusing and misleading, in that it failed to instruct the jury of what offense the defendant might be guilty," (*b*) that "it deprived the defendant of the right to defend himself against an apparent danger, and virtually instructed the jury that before the defendant would be authorized to act in self-defense, that he must first wait and ascertain whether his adversary only intended to inflict some misdemeanor on

him, or whether he intended to commit a felony, before the defendant would be justified in acting at all,'' and (c) that "a seeming necessity, if acted upon in good faith, would be equivalent to a real necessity; and for the court to instruct the jury as he did in this case, it deprived him of this right." There is no assignment of error ·that the court did not elsewhere instruct the jury as to the doctrine of a seeming necessity acted upon in good faith being equivalent to an actual necessity. Moreover, it appears from the charge in the record that the court fully and clearly instructed the jury on the subject.

5. The court further charged the jury as follows: "If you believe from the evidence that Will Solomon [the decedent] was the aggressor and committed on the defendant an ordinary battery by striking the defendant with some instrument, or that he was attempting to commit on the defendant ordinary battery, an injury less than a felony, and that by reason of being attacked by the deceased or by reason of such attempted injury upon him, that violent impulse of passion supposed to be irresistible was excited in the defendant, and the defendant, acting under such impulse of passion, shot and killed the deceased, Will Solomon, he would not be guilty of the offense of murder, but you would be authorized in finding him guilty of the offense of voluntary manslaughter." This charge was not erroneous on the ground that "it confused the law of justification with the law of voluntary manslaughter, and excluded entirely from the jury's consideration other equivalent circumstances which might be sufficient, under the law, to mitigate the offense."

6. The evidence in the record does not disclose a strong case of murder against the plaintiff in error, but this court can not say that the verdict for that offense was wholly unauthorized by the evidence, nor that the judge abused his discretion in overruling the motion for a new trial.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
SEPTEMBER 22, 1911.

Indictment for murder. Before Judge Worrill. Early· superior court. June 10, 1911.

*W. I. Geer* and *Byron R. Collins,* for plaintiff in error.

*T. S. Felder, attorney-general, J. A. Laing, solicitor-general, Hawes & Pottle,* and *Reuben R. Arnold,* contra.