### GAILLARD *v.* THE STATE.

PER CURIAM. 1. On the trial of one for the offense of murder the court instructed the jury as follows: "The law presumes every homicide to be malicious until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent upon the prisoner to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him." The evidence for the State tended to show an intentional killing by the accused, without circumstances of alleviation, excuse, or justification; and there was no error in the charge. *Mann* v. *State*, 124 *Ga.* 761 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

2. The court instructed the jury as follows: "Provocation by mere abusive or opprobrious words, without more, however abusive, insulting, or offensive such words may be, is no considerable provocation in law, and will not in any case justify a homicide or reduce the killing from murder to manslaughter." The exception to the charge is that words, menaces, threats, and contemptuous gestures may in some circumstances justify a killing, and that the charge as given entrenched upon the province of the jury. The charge is not erroneous for the reasons assigned. *Deal* v. *State*, 145 *Ga.* 33 (88 S. E. 573); *Coleman* v. *State*, ante, 186 (99 S. E. 627).

3. The court stated a correct legal principle in the following charge to the jury: "The law does not justify a killing by one who believes he has grounds to fear that he will be injured without regard to the extent of the injury. If it is apparent that an assailant intends to commit a trespass or misdemeanor only, it would not be justifiable to kill him. And to be justifiable the killing must be done in good faith in defense of the person of the slayer." The evidence authorized the charge. *Johnson* v. *State*, 136 *Ga.* 804 (4) (72 S. E. 233).

4. In one ground of the motion for new trial error is assigned upon the following charge to the jury: "The idea of prevention must enter into all cases of justifiable homicide. No one can legally slay another when it is apparent there is no imminent danger at the time of the killing, or the danger is over. To deliberately kill in revenge for a past wrong, however heinous, can not be justifiable. To justify a killing the danger must be urgent and pressing, or apparently so, at the time of the killing." The evidence for the State tended to show that at the time the defendant shot and killed the deceased the latter was leaning against a counter with his hands in his pockets, and was making no effort whatever to injure the defendant, and that the defendant killed the deceased for the purpose of avenging an insult offered him about an hour previous to the homicide. The charge stated a correct legal principle, and is not subject to the criticism that it was unauthorized by the evidence in the case, or that the court therein expressed an opinion that the defendant killed the deceased in a spirit of revenge. *Channell* v. *State*, 109 *Ga.* 150 (34 S. E. 353).

5. The court instructed the jury as follows: "But if defendant shot and killed [the deceased] under such conditions, and between the provocation

given and the killing sufficient time elapsed for the voice of reason and humanity to be heard, such killing would be murder." This charge is assigned as error, because "the judge failed to charge in connection therewith and in this charge to the jury the law of cooling time." Elsewhere, in charging upon the law of voluntary manslaughter, the court instructed the jury that "if there should have been an interval between the assault or provocation given and the homicide, sufficient for the voice of reason and humanity to be heard, all of which shall be judged of by the jury, the killing shall be attributed to deliberate revenge and be punished as murder." The exception to the charge is without merit.

6. Exception is taken to the following charge of the court: "If the defendant unlawfully shot and killed [the deceased] solely because [the deceased] used abusive words to the defendant, the killing would be murder," upon the ground that it was for the jury to decide under all the circumstances of the killing "whether the abusive or offensive words spoken to the defendant were sufficient to justify him in taking the life of the deceased." The charge as given was not erroneous. *Coleman* v. *State,* supra.

7. The evidence authorized the verdict, and none of the assignments of error require a reversal of the case.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent.*

No. 1408. JUNE 13, 1919.

Indictment for murder. Before Judge Graham. Bleckley superior court. March 29, 1919.

*J. R. Cooper, J. F. Urquhart, C. A. Weddington, J. M. Bleckley, M. H. Boyer,* and *W. O. Cooper Jr.,* for plaintiff in error.

*Clifford Walker, attorney-general, W. A. Wooten, solicitor-general, M. C. Bennet,* and *C. W. Griffin,* contra.