## HOOKS *v.* THE STATE.

The assignments of error on instructions in the charge to the jury, and on alleged omissions to charge, are not meritorious.

The complaint of the judge's interruption of counsel's argument shows no cause for a new trial, on the facts appearing.

The evidence authorized a finding of murder.

No. 2527. DECEMBER 15, 1921. REHEARING DENIED JANUARY 13, 1922.

Indictment for murder. Before Judge Graham. Treutlen superior court. February 23, 1921.

*John R. Cooper, W. O. Cooper Jr., William Stallings, Neil Gillis,* and *A. C. Saffold,* for plaintiff in error.

*R. A. Denny,* attorney-general, *M. H. Boyer,* solicitor-general, and *Graham Wright,* asst. atty-gen., contra.

FISH, C. J. Dennis Hooks and his son, Boss Hooks, were indicted for the offense of murder. Dennis Hooks alone was placed on trial, and was convicted, with a recommendation for life imprisonment. His motion for a new trial having been overruled, he excepted.

The testimony of the witnesses for the State, several of whom were eye-witnesses of the homicide, if credible, made out a plain case of murder against the accused. He introduced no evidence, but relied upon his statement to the jury, in which he denied any participation in the alleged offense, but claimed that, though present when the homicide was committed, all he did was in the capacity of a peacemaker, and that he actively endeavored to prevent a fight between his son and the deceased. Of course, the credibility of the witnesses was a matter exclusively for the determination of the jury, as well as the effect they should give to the statement of the prisoner.

1. One ground of the motion for a new trial complains because the judge failed to charge the jury that " Parents and children may mutually protect each other, and justify the defense of the person or reputation each of the other." There is no merit in this complaint, because the judge did instruct the jury as follows: " Under the law a father and son may mutually protect each other, and justify the defense of each other; the general rule in such cases being that in defending his son a father may do for his son what his son could lawfully do for himself."

2. The court did not err in instructing the jury as to the

law of principals in the first and second degree, and as to the punishment for such offenses. The charge on those subjects was authorized by the evidence.

3. The court charged: " The law presumes every intentional homicide to be malicious, until the contrary appears from circumstances of alleviation, excuse, or justification; and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him." This charge stated a correct principle of law, and was properly adjusted to the evidence. *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934); *Gaillard* v. *State,* 149 *Ga.* 190 (99 S. E. 629).

4. The court fully, correctly, and fairly instructed the jury as to the doctrine of reasonable fears as applicable to cases of homicide and as set forth in the Penal Code, § 71, and also made a concrete application of such doctrine in instructing the jury in reference thereto. It follows, therefore, that the grounds of the motion for a new trial complaining of excerpts from the charge on that subject are without merit.

5. One ground of the motion for a new trial is to the effect that " The court erred in interrupting and stopping John R. Cooper while he was making the closing argument in behalf of the defendant, and while he was endeavoring to answer the statement and argument made by Mr. Frank Saffold, who was assisting the prosecuting attorney." The court, in a note to the motion for a new trial, makes the following statement: " Substantially the following occurred during the time that defendant's counsel, Mr. Cooper, was making his concluding argument for the defendant to the jury: The court understood Mr. Cooper to say in his argument that F. H. Saffold, Esq., associate counsel for the State, in his argument to the jury lied. But the court permitted counsel to finish his sentence and the thought that he was undertaking to present to the jury. When he had thus concluded the sentence the court interrupted Mr. Cooper in his argument and asked him the following question: ' Mr. Cooper, did I understand you to say that Mr. Saffold lied?' Whereupon Mr. Cooper said that he did not use the term ' lied,' but used the expression ' denial,' and then the solicitor-general, Mr. M. H. Boyer, arose and stated to the court that Mr. Cooper did use the word ' denial '

instead of the word 'lied;' and thereupon the court said to Mr. Cooper 'You are right. You may proceed with your argument.' The court was not requested by counsel for the defendant to further instruct the jury in reference to this point, and no motion was made on account of such remark of the court." It is clear that this ground does not state a cause for the grant of a new trial.

6. Other grounds of the motion for a new trial complain of the omission to charge, and of certain excerpts from the charge of the court. None of the grounds thus referred to are meritorious, or of such character as to require elaboration.

7. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*