## HIGGINS *v*. THE STATE.

No. 7830.   FEBRUARY 14, 1931.

*Tillou & Irma Von Nunes,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, J. W. LeCraw,* and *John H. Hudson,* contra.

RUSSELL, C. J. ■ Movant assigns error on the following portion of the court's charge to the jury: "So if, after considering all the facts and circumstances in the case, under all the evidence in the case—giving the defendant's statement just such weight and credit as you think it is entitled to receive, your minds are wavering, unsettled and unsatisfied, that is the doubt of the law, and you should acquit; but if that doubt does not exist from a consideration of the evidence, and the defendant's statement, you

should convict." The criticism is as to the use of the words "should convict," it being contended that the judge should have used the words "you would be authorized to convict." Under the ruling in *Bone* v. *State*, 102 *Ga.* 387 (30 S. E. 845), *Davis* v. *State*, 114 *Ga.* 104, 108 (39 S. E. 906), and *Jackson* v. *State*, 118 *Ga.* 780, 782 (45 S. E. 604), the above-quoted charge was not erroneous. Moreover, it should be observed that the court used the words "should acquit" in case the jury entertained "the doubt of the law."

■ Error is also assigned on the following portion of the charge to the jury: "The fact that a witness has been convicted of a crime involving moral turpitude may be considered in determining his credibility." This charge was not erroneous, as contended. *Ford* v. *State*, 92 *Ga.* 459 (17 S. E. 667); *Shaw* v. *State*, 102 *Ga.* 660 (8), 670 (29 S. E. 477); and see *Georgia Railroad* v. *Homer*, 73 *Ga.* 251 (5).

■ Movant complains that the court erred in not submitting to the jury the issue of involuntary manslaughter. This ground is based upon the contention that a baseball bat is not an instrument likely to produce death, and that therefore no presumption of malice would arise from the killing of a person with such an instrument. Under the evidence the failure to submit that issue was not error. The jury was authorized to find that the wound inflicted was likely to produce death; that the bat was about three feet long, two and a half inches in diameter, weighing four and a half or five pounds, and made of hickory; that the fracture of the skull of the deceased was about two and one half inches long and an inch wide, causing blood to exude from the nose, eyes, and ears. The bat itself was introduced in evidence. Compare *Brown* v. *State*, 28 *Ga.* 200 (8), 216; *Tatum* v. *State*, 59 *Ga.* 638; *Brassell* v. *State*, 64 *Ga.* 318 (2); *Von Pollnitz* v. *State*, 92 *Ga.* 16 (4) (18 S. E. 301, 44 Am. St. R. 72); *Moran* v. *State*, 120 *Ga.* 846 (48 S. E. 324); *Worley* v. *State*, 138 *Ga.* 336 (75 S. E. 240); *Coggeshall* v. *State*, 161 *Ga.* 259 (2) (131 S. E. 57).

■ The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent for providential cause, and*

ATKINSON, J., who dissents from the ruling announced in the third headnote, citing *Dorsey* v. *State*, 126 *Ga.* 633 (55 S. E. 479).