## BENTON v. THE STATE.

No. 11875. DECEMBER 14, 1937.

*Charles W. Anderson,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, O. H. Dukes,* and *Quincy O. Arnold,* contra.

RUSSELL, Chief Justice. Ralph Benton was indicted for the murder of John Jinks. Upon his trial he was found guilty, without. a recommendation. The evidence for the State was to the effect that the defendant and the deceased were both inmates of the chain-gang of Fulton County; that a group of prisoners, including the defendant and the deceased, were engaged in a game of "craps" played with dice; that defendant and deceased had some words concerning the playing of the game, and defendant tried to get deceased to desist from playing, as he wanted to see

him apart from the others, but deceased kept on playing; that defendant then went to the back of the building wherein they were playing; that when he came back the deceased had stopped playing and was standing near the stove; that defendant called deceased around the stove; that one of the guards told defendant that they were not going to have an argument or fuss in there; that defendant (who at the time was one of the convict barbers) reached over this guard and stabbed deceased with a pair of scissors, at which time deceased was standing up; and that deceased died from such stab wounds. In his statement to the jury, the defendant claimed that the deceased cursed him, and was trying to stab him with a weapon fashioned out of a spoon or other metal utensil; that he then stabbed deceased to prevent deceased from inflicting a mortal wound upon him; and that he endeavored to prevent the difficulty with deceased by backing off and trying to talk him out of it; but that deceased kept coming on and cursing him. He moved for a new trial on several grounds which are dealt with hereinafter. To the overruling of his motion he excepted.

1. In explaining to the jury what constituted malice in the commission of murder, the judge stated, as illustrative thereof, that the jury could find express malice from the existence of such external facts as old grudges, lying in wait, or previous difficulties, without instructing the jury, in connection therewith, to look to the proof in the case and see if there was any evidence of previous grudges, lying in wait, etc. Under the rulings of this court in *Wilson* v. *State,* 33 *Ga.* 207 (3), 218, *Henderson* v. *State,* 120 *Ga.* 504 (48 S. E. 167), *Johnson* v. *State,* 139 *Ga.* 92 (76 S. E. 859), and *Hamilton* v. *State,* 169 *Ga.* 613, 618 (151 S. E. 17), where "exception is taken to an illustration used by the court, explanatory of a legal principle, this court will not narrowly scrutinize the illustration if satisfied that, whether right or wrong, it was not calculated to mislead, and did not in fact mislead, the jury." The illustration here used did not tend to mislead, inflame, or prejudice the jury against the accused. It falls within the ruling stated above, and does not require the grant of a new trial.

2. The court did not err, under the facts of this case, in instructing the jury that "the law presumes every homicide to be malicious until the contrary appears from the circumstances of

alleviation, or excuse, or justification; and it is incumbent upon the defendant to make out such circumstances to the satisfaction of the · minds of the jury, unless it appears from the evidence produced against him." The evidence for the State tended to show an intentional killing by the defendant, without circumstances of alleviation, excuse, or justification, and the charge is not cause for reversal. See *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934) ; *Gaillard* v. *State*, 149 *Ga.* 190 (99 S. E. 629) ; *Hooks* v. *State*, 152 *Ga.* 403 (110 S. E. 300).

3. There is no merit in the complaint of the court's failure to define to the· jury involuntary manslaughter. There was no request so to charge. Involuntary manslaughter was not involved under the evidence. It was not even presented by the defendant's statement. He was either guilty of an unprovoked murder by the use of a deadly weapon, or he acted in defense of his life in stabbing the deceased. See *Higgins* v. *State*, 172 *Ga.* 221 (3) (157 S. E. 643).

4. It is urged that a new trial is demanded, because the court omitted to instruct the jury as to the rules of law laid down in the Code, §§ 26-1014, 26-1016, 26-1017. When considered in connection with the charge as a whole, such principles of law embodied in those sections as were applicable under the facts of this case were sufficiently covered by the court in the instructions to the jury. There was no request to give to the jury the principles embodied in said sections. Section 26-1016 was clearly not applicable under the facts surrounding the killing in this case.

5. The defendant requested the court to charge the jury that "Mutual combat may be shown by the statement of the defendant, or by an effort of the accused and the deceased to fight, or· where one or more blows were struck." This request was not wholly accurate. While it is true that mutual combat may appear from the statement of the defendant alone, in which event the principle should be given in charge, where duly requested; and while mutual combat may exist though only one blow is struck, yet there must always have been a mutual intention upon the part of both defendant and deceased to engage in combat before there can be a mutual combat. See *Tate* v. *State*, 46 *Ga.* 148. The charge of the court as a whole on the subject of voluntary manslaughter and self-defense was sufficient. The defense raised by the defendant's

statement was that he killed the deceased to protect himself, to prevent deceased from inflicting a mortal wound upon his person, and that he did not wish to participate in any fight with deceased and tried to evade any difficulty with him. The failure of the court to give the requested instruction was not error.

6. While it is true that the credibility of witnesses is a matter to be determined by the jury under appropriate instructions from the judge (Code, § 38-1805), yet it has been held numerous times that failure to so instruct the jury is not cause for the grant of a new trial, in the absence of an appropriate and timely request so to charge. *Lewis* v. *State,* 129 *Ga.* 731 (3) (59 S. E. 782) ; *Turner* v. *State,* 139 *Ga.* 593 (77 S. E. 828) ; *Richardson* v. *State,* 141 *Ga.* 782 (3) (82 S. E. 134). There was no request to charge the jury on this question.

7. During his argument to the jury, regarding the punishment of the defendant to be determined by the jury, the assistant solicitor-general Hon. Quincy Arnold, stated to the jury: "I can not tell you what (the law will not permit my doing so) he is now serving for, or what the punishment for his present offense is at the time of this homicide, or how much he has yet to serve on it; and in the event you should convict him for murder and make a recommendation with a murder verdict in this case, or any other verdict than the death penalty, you will not know how much time he will hereafter serve in the chain-gang or when he might have to be tried for another such offense, and I am in this instance forced and constrained to ask the death penalty." Without determining whether or not such argument was proper in this case (see *Lucas* v. *State,* 146 *Ga.* 315, 91 S. E. 72), it appears from this ground of the motion for new trial that "While this was not specifically called to the attention of the trial judge, and a motion for mistrial made, it was made within the hearing of the court as well as the jury, and was highly prejudicial to the defendant and put his character in issue; and it was the duty of the court to have instructed the jury to disregard such argument or to have declared a mistrial upon its own motion." It has been ruled by this court that where the solicitor, in the course of his argument, used certain language which was calculated to excite prejudice against the defendant, but it does not appear that the attention of the court was called thereto or any ruling was invoked on the sub-

ject, either by way of reprimanding counsel, or of instructing the jury, or of declaring a mistrial, such impropriety in argument will not furnish ground for a reversal by this court. *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752); *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1); *O'Dell* v. *State,* 120 *Ga.* 152, 155 (47 S. E. 577); *Croom* v. *State,* 90 *Ga.* 430 (17 S. E. 1003); *Farmer* v. *State,* 91 *Ga.* 720 (18 S. E. 987); *Kearney* v. *State,* 101 *Ga.* 803 (29 S. E. 127, 65 Am. St. R. 344); *Nix* v. *State,* 149 *Ga.* 304 (100 S. E. 197); Code, § 81-1009.

8. The evidence authorized the verdict finding the defendant guilty of murder; and there is no merit in the general grounds of the motion for new trial. It follows that the judge did not err in overruling the motion.

*Judgment affirmed. All the Justices concur, except* RUSSELL, C. J., and ATKINSON, P. J., who dissent from the ruling in division 3 of the opinion. See *Dorsey* v. *State,* 126 *Ga.* 633 (55 S. E. 479).