BANKS *v.* THE STATE.

No. 13723.   MAY 15, 1941.

184

F. *Joe Turner*, for plaintiff in error.

*Ellis G. Arnall, attorney-general, John A. Boykin, solicitor-general, E. E. Andrews, Durwood T. Pye, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

GRICE, Justice. ■ The pauper affidavit transmitted with the record to the Supreme Court was as follows:

"The State of Georgia *vs.* Roy Banks.

"Personally appeared before the undersigned said defendant, who on oath says that he is because of his poverty unable to pay the costs or give the security otherwise required for supersedeas, and that he is advised by counsel that he has good cause for writ of error. Roy Banks.

"Subscribed and sworn to before me this 24th day of February, 1941. H. Keller Wilson, Notary Public."

There being nothing on or in the paper to indicate where the alleged affidavit was made, what county or State, and no venue being stated, and nothing to show that the officer attesting the same was authorized to administer the oath, the affidavit was insufficient to relieve the plaintiff in error or his attorney from the payment of costs in bringing the case to this court. *Dawson* v. *Dawson,* 106 *Ga.* 45 (32 S. E. 29).

■ An instrument may be shown to be a weapon likely to produce death, by direct proof as to the character of the weapon, by an exhibition of it to the jury, by evidence as to the nature of the wound, or other evidence such as would warrant the jury in finding that the instrument was one calculated to produce death. *Paschal* v. *State,* 125 *Ga.* 279, 280 (54 S. E. 172) ; *Kennedy* v. *State,* 191 *Ga.* 22 (11 S. E. 2d, 179).

■ In the instant case the evidence as to the nature of the wound and the character of the instrument used was sufficient to show that the knife with which the accused stabbed the deceased was a weapon likely to produce death. See *Kennedy* v. *State,* supra, and cit.

■ It having been shown by the evidence that the accused, by stabbing with a butcher-knife having a blade about three and three-quarters inches in length and a handle of about the same length, using the knife in such a manner as would naturally tend to destroy human life, inflicted the wound from which the deceased died, and that the wound was intentionally inflicted, the case was not one which under the evidence involved the law of involuntary manslaughter. See *Brown* v. *State,* 28 *Ga.* 199; *Warren* v. *State,* 163 *Ga.* 176 (135 S. E. 735) ; *Higgins* v. *State,* 172 *Ga.* 221 (157 S. E. 643) ; *Benton* v. *State,* 185 *Ga.* 254 (194 S. E. 166) ; *Reed* v. *State,* 168 *Ga.* 731 (5) (149 S. E. 23) ; *Carter* v. *State,* 171 *Ga.* 406 (155 S. E. 670).

■ In a supplemental statement the defendant said: "I have never cut nobody, never tried to hurt no one, and never felt like I wanted to hurt nobody. I haven't got anything against those people." Even if the foregoing could be construed to inject involuntary manslaughter, the judge would not be required to charge on that theory, since "If this grade of homicide was involved only under the statement of the defendant, the failure of the judge to charge the law applicable thereto, in the absence of a timely request

for such instruction, does not require the grant of a new trial." *Carter* v. *State*, supra.

The verdict of murder was supported by the evidence, and the judgment refusing a new trial must be affirmed.

*Judgment affirmed.* *All the Justices concur, except*

ATKINSON, Presiding Justice, who dissents from the ruling in the fourth division of the decision, on the principle ruled in *Dorsey* v. *State*, 126 *Ga.* 633 (55 S. E. 479).