## Frazier *v.* The State.

Atkinson, Presiding Justice. 1. The court charged the jury as follows: "The defenses set up here . . are two; one is, the defendant contends that she killed the deceased in her own self-defense. If you believe that, she is not guilty. The other defense is, that when she did kill her, if the evidence shows that she did, she did so under the fears of a reasonable man . . that some bodily harm was about to be done her, amounting to a felony, . . and that she really acted under the influence of those fears, and not in a spirit of revenge. If you believe that, she is not guilty. And a seeming necessity, when acted on in good faith, is equivalent to a real necessity. Now, gentlemen of the jury, I will give you a separate principle of law, which says what will reduce a higher grade of homicide to a lower grade, to that of manslaughter; and if there is any manslaughter in the case, it is voluntary manslaughter." The court next instructed the jury on the defense of voluntary manslaughter, and, in stating the various forms of verdicts which the .jury would be authorized to render, included a form finding the defendant guilty of voluntary manslaughter. *Held,* that the charge was not erroneous as excluding from consideration of the jury the theory of voluntary manslaughter.

2. The judge charged on manslaughter partly in the language of the Code, § 26-1006, as follows: "Manslaughter is the unlawful killing of a human creature, without malice either expressed or implied, and without any mixture of deliberation whatever, which may be voluntary,—and if you find it is manslaughter, then it is voluntary—upon a sudden heat of passion." Immediately following this he charged on voluntary manslaughter substantially in the language of § 26-1007. Error was assigned on the following part of the charge: "If you find it is manslaughter, then it is voluntary—upon a sudden heat of passion," the ground of exception being that the judge by adding, upon a sudden heat of passion, expressed the opinion of the court that it was necessary to be upon a sudden heat of passion, when in fact "it was for the purpose of defending herself from assault and battery, as shown by the State's evidence." The "portion of the charge was withholding from the jury the right to defend herself from this assault and battery being committed on movant, . . unless it was done 'upon sudden heat of passion' supposed to be irresistible, to make it manslaughter, and had no application to the actual facts of the case on trial." *Held,* that these assignments of error do not show cause for reversal. "An essential element of voluntary manslaughter is passion on the part of the slayer." *Rentfrow* v. *State,* 123 *Ga.* 539 (2) (51 S. E. 596). "One would not be justified, under the law of self-defense, in killing another to prevent the commission of an injury upon him which would amount to nothing more than a misdemeanor." *Johnson* v. *State,* 136 *Ga.* 804 (4) (72 S. E. 233).

3. A ground of a motion for new trial complaining of omission of the judge to charge "the law concerning mutual intention to fight," and asserting that the evidence demanded that "the law of mutual combat should be charged to the jury," and if it had been so charged the jury would have

made a different verdict than finding the defendant guilty of murder, and that it was harmful error for the court "to fail to give in charge the vital and applicable principle of law," does not complain that there was an omission to charge the law of voluntary manslaughter as related to mutual combat, and is too general and indefinite to present any question for decision. *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124), *Drane* v. *State*, 147 *Ga.* 212 (93 S. E. 217).

4. The evidence was sufficient to support the verdict, and there was. no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

PER CURIAM. The judge in charging on the subject of voluntary manslaughter should not mingle it with a charge on the subject of justifiable homicide under the doctrine of reasonable fears, but if any part of the charge in this case was subject to criticism on this ground, the error was not such as to require a new trial, when the entire charge is considered. None of the grounds of the motion for new trial show cause for a reversal. *Cargile* v. *State*, 137 *Ga.* 775 (4) (74 S. E. 621); *Deal* v. *State*, 145 *Ga.* 33, 35 (88 S. E. 573).

*Rehearing denied. All the Justices concur.*

No. 14228. SEPTEMBER 16, 1942. REHEARING DENIED OCTOBER 16, 1942.

*G. C. Anderson,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, George Hains, solicitor-general, Emil J. Clower* and *Claude Shaw, assistant attorneys-general,* contra.