### 41299. TURNER v. THE STATE.

Pannell, Judge. ■ Where the evidence authorized a finding that the deceased and the accused had hot words in the house of the accused where the deceased threatened to assault the accused with a knife, that the deceased left the house of the accused, crossed an alley and entered the house of another, and was followed by the accused to the alley, that the deceased, in about five minutes, came out of the house into the alley and while in the alley, making no threats to, or doing any act toward harming the accused, was shot by the accused and later died, a charge of voluntary manslaughter was authorized. *Wall v. State*, 126 Ga. 549 (1) (55 SE 484).

■ There being no evidence that the deceased was endeavoring to enter the habitation of the accused at the time he was shot, but, if anything, was attempting to assault the person of the accused in the yard of the accused, there was no error in failing to charge the law of justifiable homicide in defense of

habitation embraced in *Code* § 26-1011. *Pyle v. State,* 187 Ga. 156 (2) (200 SE 667).

The assignments of error that the trial court failed to charge on the law of mutual combat were insufficient to present any question for decision. *Frazier v. State,* 194 Ga. 657 (3) (22 SE2d 404).

The evidence being amply sufficient to authorize the verdict, and no other errors appearing, the action of the trial court in overruling the defendant's motion for new trial is

*Affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED MAY 4, 1965—DECIDED JUNE 17, 1965.

*Wyatt & Wyatt, L. M. Wyatt,* for plaintiff in error.
*E. W. Fleming, Assistant Solicitor General,* contra.