THE STATE OF KANSAS v. CHARLES YOUNGER.
No. 14,023. (78 Pac. 429.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS —*Instructions Concerning an Election of Offenses.* In a prosecution for the unlawful sale of intoxicating liquors an election by the state of the transaction on which it relies for conviction is not an essential ingredient of the instructions to the jury. If it be in writing it need not be copied in the instructions, and it may be read to the jury at the time the charge is delivered without violating the statute requiring instructions to be in writing and filed with the papers in the case.

2. ———— *Instructions Concerning Defendant's Failure to Testify.* An omission to instruct the jury in a criminal case that the neglect or refusal of the defendant to testify shall not be considered by the jury, and shall not raise any presumption of guilt or be construed to affect his innocence or guilt, is not error, in the absence of a request for such an instruction.

Appeal from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed November 5, 1904. Affirmed.

*C. C. Coleman*, attorney-general, *Jay F. Close*, assistant attorney-general, and *C. D. Ashley*, for The State.

*Sapp & Brown*, for appellant.

The opinion of the court was delivered by:

BURCH, J.: Appellant was convicted of selling intoxicating liquor contrary to law. At the close of the state's evidence a written election was made and filed with the papers in the case, specifying the transactions relied on for conviction. In its written instructions the court referred to the election, and advised the jury that their inquiries should be confined to the several transactions therein designated. In delivering the charge the written election was read, but it was not copied at length in the instructions. It is now contended that the conduct of the court in reading the election was violative of the statute requiring the charge to the jury to be in writing and to be filed with the papers in the case.

Technically the statute was complied with, because the election was written and was filed with the papers in the case, and the mere failure to rewrite it in the body of the charge was not, under the circumstances, sufficient to authorize a reversal of the judgment. (*The State v. Mortimer*, 20 Kan. 93.) The state's election in such cases, however, may be, and usually is, communicated to the jury in other ways than by instructions. Counsel may make the announcement, or the court may do so by mere oral statement, if that method be preferred, and usually the jury are advised of the election at the time. After an election has been made the duty of the jury in the premises is proper matter of law to be explained by instructions, as was done in this case; but the

substantive content of the election itself is not an essential ingredient of the instructions. Its omission from the charge will not render the latter faulty, and if it be written it may be read to the jury by the court at the time the charge is delivered without violating any of the defendant's legal rights.

On the trial appellant was not sworn as a witness in his own behalf. No request was made of the court to instruct the jury that the neglect or refusal of appellant to testify should not be considered by the jury, and should not raise any presumption of guilt, or be construed to affect his innocence or guilt (Gen. Stat. 1901, §§ 5657, 5658), and no such instruction was given. It is now urged that the court should have instructed on this subject without request.

Under section 5681 of the General Statutes of 1901 the court is required to state to the jury all matters of law which are necessary for their information in giving their verdict. Aside from such matters many others may appear in the trial of a criminal case of great importance to the defendant, but not of a character imperatively demanding exposition in order to afford opportunity for the return of a just verdict. The instructions contemplated by the statute are those which are indispensable. Those of the other class are monitory only, and, although a refusal to comply with a seasonable request that they be given is error, the law cannot say that a verdict reached without their guidance, when no request was made, is necessarily vitiated. The peculiar phraseology of the statutes relating to the privilege of the accused to waive his right to become a witness in his own behalf, and of the statute relating to the duty of the court in charging the jury, indicates that instructions on the subject should be assigned to the cautionary

class. It cannot be presumed that the jury will certainly go outside the evidence introduced for the purpose of determining guilt. The prosecuting attorney may not refer to the defendant's failure to testify at all, and the court itself may not consider that fact. Hence, it is reasonable to conclude that all reference to the matter may properly be omitted unless the accused otherwise desire. The weight of authority seems to favor this view. (11 Encyc. Pl. & Pr. 350.)

The questions raised by such other of the assignments of error as might require consideration have been determined adversely to appellant by previous decisions of this court, and the judgment of the district court is affirmed.

All the Justices concurring.