## THE AMERICAN BONDING COMPANY *vs.* DUDLEY E. HOYT.

Third Judicial District, Bridgeport, April Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A complaint alleged that the plaintiff, at the request of the defendant, gave a bond of $50 for costs in a suit then pending, and that in consideration therefor the defendant promised to indemnify it against any loss or damage by reason thereof; that the plaintiff had

been obliged to pay the amount of the bond and that the defendant, although required to do so, had failed to indemnify the plaintiff as agreed; and demanded $100 damages. *Held* that it stated a cause of action and one within the jurisdiction of a justice of the peace.

The complaint also alleged an assignment to the plaintiff of a portion of the original judgment against the defendant. *Held* that this allegation was not relevant to the rest of the complaint and might be disregarded as surplusage.

A court held by a justice of the peace is in this State a court of record, the judgments of which import verity as to all proceedings within its jurisdiction, and cannot be collaterally questioned.

Upon a suit to foreclose a lien based upon a judgment of a justice of the peace, no questions can be raised respecting the validity of that judgment except such as challenge the jurisdiction of the justice court.

Argued April 22d—decided June 10th, 1914.

ACTION to foreclose a judgment lien, brought by appeal of the defendant from an adverse judgment of the Town Court of Norwalk to the Court of Common Pleas in Fairfield County and tried to the court, *Scott, J.*, upon demurrer to the answer and counterclaim of the defendant; the court sustained the demurrer and afterward rendered judgment for the plaintiff for $93.29, from which the defendant appealed. *No error.*

*James Lindsay Hoyt*, for the appellant (defendant).

*Nehemiah Candee*, for the appellee (plaintiff).

RORABACK, J. In February, 1913, the plaintiff brought suit against the defendant returnable before a justice of the peace of the town of Norwalk, and judgment was there rendered for the plaintiff for $70 and costs. A judgment lien was thereupon placed upon certain real estate standing in the defendant's name in Norwalk, which lien the plaintiff seeks to foreclose in the present proceeding. This action was brought to the Town

Court of Norwalk, and then came to the Court of Common Pleas on the defendant's appeal, where judgment was rendered in favor of the plaintiff for $70 and costs.

The important question to be decided now is whether the justice who rendered the original judgment had jurisdiction over the cause of action set forth in the complaint.

The defendant in the trial of the case in the Court of Common Pleas introduced as an exhibit a copy of the justice record which contained a copy of the complaint and a statement of the proceedings of the justice thereon. It appears from this complaint that the plaintiff, at the request of the defendant, entered into a bond for $50 to secure the payment of costs in an action against the defendant pending in the Superior Court in Fairfield county, in which one Jennie G. Whitehead was the plaintiff. This bond was given by the plaintiff in consideration of a written contract signed by the defendant, in which the defendant contracted to save the plaintiff harmless from any loss or damages by reason of its giving the bond for costs.

In February, 1912, judgment was rendered in the Superior Court for Jennie G. Whitehead against Hoyt, the defendant, for $81.23 as costs. The defendant neglected and refused to pay this judgment, and the Bonding Company was compelled to pay $50, the amount of its obligation in the bond for costs.

One allegation of the complaint was that "in consideration of the payment of said fifty (50) dollars, the said Jennie G. Whitehead, on the 20th day of November, 1912, did assign and transfer her right, title and interest in and to a portion of said judgment obtained as aforesaid, to wit, the sum of fifty (50) dollars of said judgment, of which the defendant herein had due notice."

The plaintiff's claim for relief was to recover $100. There was no objection to any defect in the proceedings before the justice court.

It is stated in the judgment-file that: "This action, by complaint claiming judgment for one hundred dollars ($100) damages, came before me, a Justice of the Peace for said County, holding court at South Norwalk, in said town of Norwalk, on the 1st day of March, A. D. 1913, when and where the parties appeared. Said action came thence by continuance to March 8th, 1913, at 10 A. M., at which time the plaintiff appeared, but the defendant made no appearance. Thereafter, said action came by continuance to March 15th, 1913, of which continuance the defendant had due notice, but he made no appearance and filed no answer or defense, and judgment was rendered for the plaintiff for want of answer or defense."

The defendant contends that the plaintiff in its complaint set up a partial assignment of a judgment as the only basis of its cause of action, and that such a claim was purely an equitable matter over which the justice of the peace had no jurisdiction. This claim is without merit.

The allegations of the complaint stated a good cause of action, if all reference to the assignment of a partial interest in the judgment had been eliminated. It appears that the defendant stipulated in writing that he would indemnify the plaintiff against loss or damage by reason of its giving bond for the costs in an action then pending before the Superior Court. It is also averred that the plaintiff was compelled to, and did, pay a certain sum of money for the defendant in consequence of its bond for costs. It is further stated that the defendant has neglected and refused to pay the same. These allegations are sufficient to entitle the plaintiff to recover for a breach of the defendant's contract.

The fact that Jennie G. Whitehead had made a partial assignment of her judgment to the plaintiff, as alleged in the complaint, was unconnected with any allegation in the complaint, and may have been properly treated as surplusage. *Arnold* v. *Kutinsky,* 80 Conn. 549, 551, 552, 69 Atl. 350.

It appears from the record that the justice had the power to hear and determine the subject in controversy between the plaintiff and the defendant. The writ was duly served upon the defendant, and he appeared upon the return day. Although the alleged defects which Hoyt now seeks to question appeared in the original complaint, yet he failed to make any objection upon this account in the justice court, and a judgment was rendered against him. This judgment was responsive to the facts laid before the justice court by the plaintiff in its complaint.

A court held by a justice of the peace is in this State a court of record. His record, therefore, of any judicial proceedings which have taken place before him, and were within his jurisdiction, imports verity, and its statements cannot be collaterally questioned. Every act recited in such a record is presumed to have been properly and rightly done, until the contrary appears. *Church* v. *Pearne,* 75 Conn. 350, 351, 53 Atl. 955.

The difficulty with the defendant's case lies in the fact that the principal claims which he urged in the Court of Common Pleas should have been made when the original suit was before the justice court. The time for the consideration of these questions had gone by when the action was tried in the court from which the appeal to this court was taken.

The defendant's claim that on the 15th day of March, 1913, the action then pending before the justice of the peace was adjourned without giving notice to him is not borne out by the record. The judgment-file discloses

that the parties appeared upon the return day; that the action was thence continued to March 8th; that a further continuance, of which the defendant had due notice, was then had until March 15th, when the judgment was rendered.

The other rulings of the trial court complained of are covered by what we have already said regarding the jurisdiction of the justice of the peace.

There is no error.

In this opinion the other judges concurred.