THE STATE OF CONNECTICUT *vs.* ISAAC N. WILLIAMS
ET AL.

First Judicial District, Hartford, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

Upon a trial for murder in the first degree, the State claimed and of-
fered evidence tending to prove that the accused, who were jointly
indicted, entered the store of the decedent with the deliberate
intent of assaulting and killing him in order to secure such money
as he might have upon his person and on the premises. *Held* that
whether this was true or not was a question of fact for the jury;
and that there was clearly evidence enough to warrant their ver-
dict of guilty.
Upon an appeal from the refusal of the trial court to set aside a verdict
as against the evidence, advantage cannot be taken of alleged
erroneous rulings in the admission of testimony; the remedy for
such rulings is an appeal asking for their revision.
The question whether the testimony in a capital case is equivalent to
that of two witnesses, as required by General Statutes, § 1508, in
order to convict the accused, is one of fact for the jury, who are
to pass upon its weight.
Testimony to the effect that the decedent customarily carried his money
in a pocketbook on his person is material and admissible, in con-
nection with evidence, subsequently introduced, that no money
or pocketbook was found upon him immediately after the assault,
and that the accused obtained $10 or $12 and the pocketbook
as the fruit of their attack.
The trial court may in its discretion admit evidence before it would
ordinarily be received, upon the assurance of counsel that the
necessary connection or basis for its admission will be supplied
later.
An appellant is confined in this court to the same objection he raised
to the admission of evidence in the court below. Accordingly, if
his objection to the admission of a letter was general, upon the
ground of its irrelevancy, he cannot now modify his objection
and urge that some portions of it were irrelevant and should not
have been read to the jury. Nor is he entitled to a new trial upon
the ground that the trial court should have excluded, of its own
motion, the irrelevant portions of the letter, if it does not appear
that their admission in evidence was harmful.
It is within the discretion of the trial court to permit the State to re-
open its case in chief, if satisfied that important testimony has

been inadvertently omitted or has been discovered after the case in chief was closed, provided opportunity is given the accused, as in the present case, to reopen his defense and meet the new testimony of the State.

In the present case neither of the accused testified upon the trial. *Held* that the court was not obliged to call the attention of the jury to this circumstance and to instruct them that the failure of the accused to testify must not be taken against them, at least in the absence of any request to do so.

Whether the court would have been bound to comply with such a request, had one been made, *quære.*

Argued January 4th—decided January 27th, 1916.

INDICTMENT for murder in the first degree, brought to the Superior Court in Litchfield County and tried to the jury before *Reed, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

*Bernard E. Higgins,* for the appellant (defendant Roe).

*Charles H. Shapiro* and *Joseph G. Shapiro,* for the appellant (defendant Williams).

*Donald T. Warner,* State's Attorney, and *Frank B. Munn,* for the appellee (the State).

THAYER, J. In an indictment containing two counts, the accused were jointly charged with the murder of Hubert B. Case on the 28th day of November, 1914, at the town of Barkhamsted. The first count charged that they wilfully, deliberately and premeditatedly killed him; the second, that they killed him while robbing him.

The evidence produced by the State shows that Mr. Case conducted a country store at Barkhamsted, and that at about nine o'clock in the evening of the day alleged he was assaulted in his store and struck upon the head with a piece of an iron axle which had

been secured from the scrap heap of a blacksmith shop near by, and that he died the following day from the effects of his injuries. The evidence tended to show that the accused, one of whom resided in Bridgeport and the other in Poughkeepsie, New York, met by arrangement at Winsted, about eight miles from the scene of the homicide, early in the evening and proceeded to Barkhamsted and committed the crime. There was evidence tending to show that at the time of the assault Case was robbed of his pocketbook and some money. The defense was an *alibi*.

The defendants' motion to set aside the verdict was based upon the claim that no evidence was offered tending to show that the homicide was perpetrated with premeditation and deliberation; and none that it was committed in the perpetration of a robbery, except certain testimony, hereafter to be noticed, a portion of which they claim was improperly admitted, and which, taken as a whole, was not, they claim, equivalent to the testimony of two witnesses.

To warrant a verdict of murder in the first degree under the indictment the State was bound to prove either that the killing was deliberate and premeditated, or that it was done in the perpetration of a robbery; and the accused could not be convicted legally of that crime without the testimony of at least two witnesses or that which is equivalent thereto. The jury have found that the homicide was perpetrated by the defendants. There was evidence to warrant a finding that they had deliberately planned the commission of some crime at Case's store. This consisted in the facts that the defendant Williams, who had formerly worked in Winsted and was acquainted in the locality and had visited there shortly before the crime, had been informed that Case kept a good deal of money at the store; that the accused, by prearrangement, came

together on the night of the homicide, from different and remote localities, at a point not far from the place of its commission, and shortly after meeting started for the scene of the homicide; that before entering the store, which had not been closed for the night, and where, as the evidence and circumstances show, the defendants knew that Mr. Case was alone, they secured the iron axle with which the crime was committed; and that they entered the store, committed the assault, and took money therefrom. Whether they entered the store with the deliberate intention of assaulting and killing Mr. Case that they might possess themselves of such money as he might have upon his person and in the store, or intended merely a robbery or some other crime, were questions for the jury. There was manifestly evidence to warrant the conclusion that it was a wilful, deliberate and premeditated killing.

The defendants' statement of their claim admits that there was evidence tending to prove that the homicide was committed in the perpetration of the robbery of Mr. Case. If it were true, as claimed, that this latter evidence was improperly admitted, advantage of that error cannot be taken by a motion to set aside the verdict as against the evidence, but the remedy lies in an appeal asking for the revision of the erroneous rulings admitting the evidence.

Whether the testimony was equivalent to that of two witnesses was a question of fact for the jury, who were to weigh the testimony.

The court properly refused the defendants' motion to set the verdict aside as against the evidence.

The State's Attorney asked Alzaria R. Case, widow of Hubert B. Case, in what manner her husband usually carried his money on his person, to which she answered that he carried it in a pocketbook in his "pants' pocket." This evidence was objected to as not material, and

The State *v.* Williams.

because, at the time it was offered, no foundation had been laid for its introduction. Upon the representation of the State's Attorney that he would later supply the foundation for its admission, the objection was overruled and the evidence received. Evidence was afterward introduced by the State tending to prove that immediately after the assault, upon a search made by the medical examiner, no pocketbook or money was found upon the person of Mr. Case, and that the accused obtained ten or twelve dollars and the pocketbook as the fruit of their adventure. This testimony furnished a foundation for the admission of the testimony of Mrs. Case which was objected to. From the established habit of carrying his money in a pocketbook on his person, the jury would be justified in presuming that he had his pocketbook where he usually carried it, in his pocket, while in his store on the night in question engaged in his usual occupation, and that it was there found and thence taken by the accused. It was thus competent to establish the fact that the deceased usually carried his money upon his person in a pocketbook (1 Wigmore on Evidence, § 92 and note), and the evidence was material. It was proper for the court to receive it upon the assurance of the State's Attorney that it would be followed by evidence which would render it material. *State* v. *Saxon*, 87 Conn. 5, 8, 9, 86 Atl. 590.

The defendants complain because the court allowed the whole of Exhibit X, which is a letter from the defendant Williams to the mother of the defendant Roe, to be read to the jury, instead of only that portion of it which the State claimed to be relevant. No such objection was made at the time that the letter was read. Its admissibility was discussed in the absence of the jury, as appears by the record, the State claiming only such parts as showed guilty knowledge

of the crime in question on the part of Williams. These were admissible. The objection was to the entire contents of the letter as irrelevant. Had the objection now urged been pressed at the time the letter was read, certain portions not relevant would no doubt have been omitted from the reading by the State's Attorney. The objection now urged not having been made in the Superior Court, advantage cannot now be taken of the error, if there was one. Furthermore, as it does not appear that the defendants were either of them injured because of the reading of the entire letter instead of a part of it, the fact that the court did not of its own motion exclude the portion not claimed by the State affords the defendants no ground for a new trial.

The action of the court in permitting the State, after the defendants had rested their case, to reopen its case and introduce in chief a letter of the defendant Williams, written prior to the trial, containing statements as to his whereabouts on the night of the homicide in conflict with his claim upon the trial that he was in Poughkeepsie on that night, is assigned as error. The permission was given after the State had offered the letter in rebuttal and the defendants had claimed that it should have been offered in chief. As the letter showed that Williams, prior to the trial, was making the claim that he was in Bridgeport on the night of the homicide, and had in court, in support of his asserted *alibi*, claimed and offered testimony that he was in Poughkeepsie at that time, we think that the evidence was properly offered in rebuttal, and that the defendants were not harmed by the reopening of the State's case and receiving it in chief. But the court in its discretion might permit the reopening of the State's case in chief if satisfied that important testimony had been inadvertently omitted or had

been discovered after the case in chief was closed, giving the defendants, as was done in this case, opportunity to reopen its case to meet the new evidence. There was no harmful error in reopening the case.

Neither of the defendants testified upon the trial. The court in its charge did not notice this circumstance nor charge the jury that their neglect to testify should not be taken against them. The defendants' counsel, although they did not request such an instruction, complain of this omission. General Statutes, § 1509, provides that "the neglect or refusal of an accused party to testify shall not be commented upon to the court or jury." A previous Act, passed in 1867, provided that the neglect of an accused person to testify should not be commented upon by the prosecuting attorney or the court. This Act was repealed by an Act passed in 1879, which is now § 1509 above referred to. For twelve years it was, thus, by statute, improper for the court to comment upon the fact that an accused person had neglected to testify. The present Act does not in terms forbid or require the court to in any way refer to the circumstance.

Whether, if there had been a request, the court would have been bound to give the instruction which the accused claims, is a question which it is unnecessary for us to decide. There was no such request, and it was not error for the court, in the absence of one, to omit any instruction upon the subject.

There is no error.

In this opinion the other judges concurred.