THE SALT'S TEXTILE MANUFACTURING COMPANY *vs.* JOHN GHENT (WOODLAND TRANSPORTATION COMPANY).

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

When the plaintiff's truck was damaged by reason of the alleged negligence of the defendants, it was being operated by an employee under a driver's license which he had obtained before he was eighteen years of age. *Held:*

1. That the license was not rendered *ipso facto* void by any provision of Chapter 400 of the Public Acts of 1921.
2. That it could not be presumed that the license was issued "upon an application containing a material false statement of fact" and, therefore, was void from the date of issue under § 18 of the Act, first, because it did not appear that the driver made, or was required to make, any statement of his age in his application for a license; and second, because a representation by him as to his age would not be a "material false statement" within the meaning of the statute unless it was made with knowledge of its falsity and with an intent to deceive.
3. That it must be assumed that the Commissioner of Motor Vehicles had performed the duty imposed upon him by § 15 of the Act and had "satisfied" himself, either from the contents of the application or other sources of information, that the applicant had attained the necessary age.
4. That the plaintiff, therefore, was not barred from recovery by § 61 of the Act upon the ground that the driver of its truck was an "unlicensed person."

Argued November 2d, 1927—decided January 6th, 1928.

ACTION to recover damages for injuries to the plaintiff's motortruck, alleged to have been caused by the negligence of the defendants, brought to the Court of Common Pleas for Fairfield County and tried to the court, *Huxford, J.;* judgment for the plaintiff for $512, and appeal by the defendants. *No error.*

*Thomas R. Robinson,* with whom was *Daniel L. O'Neill,* for the appellants (defendants).

*Raymond E. Baldwin,* for the appellee (plaintiff).

BANKS, J. The sole question presented by this appeal is whether or not the plaintiff's truck was being operated by an unlicensed person so as to deprive the plaintiff of its right to recover damages resulting from its collision with a truck owned by the defendants. The plaintiff's truck was being operated by one Doerr, who had an operator's license which was issued to him by the Commissioner of Motor Vehicles on April 7th, 1924. Doerr was born June 17th, 1906, and became eighteen years of age on June 17th, 1924. The collision occurred on September 19th, 1924. Doerr was therefore less than eighteen years old when he received his license although he was over eighteen at the time of the accident. Section 15 of the Motor Vehicles Act then in force (Public Acts of 1921, Chap. 400) provided: "No person shall operate a motor vehicle upon any public highway of this State until he shall have obtained from the commissioner a license for such purpose. . . . No such license shall be issued until the applicant therefor has signed and filed with the commissioner an application under oath, . . . stating such information as the commissioner may require; nor shall such license be issued until the commissioner is satisfied that the applicant is eighteen years of age

and is a proper person to receive such license." Section 18 of the Act provided: "Any motor vehicle registration certificate or operator's license issued upon an application containing any material false statement of fact shall be void from the date of its issue." Section 61 of the Act provided: "No recovery shall be had in the courts of this State by the owner of a motor vehicle . . . if such motor vehicle be legally registered but was being operated by an unlicensed person in violation of any provision of section fifteen, twenty or twenty-one of this Act."

It is the contention of the defendant that since Doerr, the operator of plaintiff's truck, was not yet eighteen when he received his operator's license, the license was void and plaintiff's truck was being operated by an unlicensed person, which would bar a recovery in this action. Doerr was the holder of an operator's license which, so far as appears, had not been suspended, revoked or surrendered, and he was therefore a licensed person and the plaintiff's car was not being operated by an unlicensed person in violation of § 15 unless for some reason the license which he held was void. The statute nowhere provides that a license issued to a person under eighteen years of age shall be *ipso facto* void. That is natural enough, since it is not within the contemplation of the statute that a license should be issued to such a person, § 15 providing that no license shall be issued until the commissioner is satisfied that the applicant is eighteen years of age. Doubtless if it appeared that the commissioner had issued a license to a person under eighteen, that fact would constitute good ground for its revocation and surrender. Until it had been revoked or surrendered, its possession would entitle the holder to operate a motor vehicle as a licensed person. But the defendant contends that Doerr was an unlicensed driver by virtue of the provision of .

§ 18 that an operator's license, issued upon an application containing any material false statement of fact, shall be void from the date of issue. The argument is that, since it is conceded that Doerr was less than eighteen when the license was issued, and since the statute provides that no license shall be issued until the commissioner is satisfied that the applicant is eighteen, therefore it must be presumed that Doerr's application contained the material false statement that he was then eighteen years old. The trial court has not found that Doerr's application contained any material false statement and the application itself was not offered in evidence. Defendant's case must therefore rest upon the claim that the court was bound to infer that the application contained a false statement from the fact that Doerr was less than eighteen years old when the license was issued. The argument involves a *non sequitur*. It does not necessarily follow that Doerr's application contained any statement regarding his age, or that, if it did, that the statement was false.

Section 15 provides that no license shall be issued until the applicant has filed with the commissioner an application under oath stating such information as the latter may require. It does not require that the application shall contain a statement of the applicant's age, though it is common knowledge that the forms used by the commissioner contain such an inquiry. The section provides further that the license shall not be issued until the commissioner is satisfied that the applicant is over eighteen and is a proper person to receive such a license. The statute does not limit the commissioner to a consideration of the application in reaching his decision as to whether the applicant is a proper person, nor as to whether he is eighteen. He may determine these questions to his satisfaction from any source of information available

to him.  The presumption is that he did his duty and before issuing the license was satisfied that Doerr had attained the required age.  *Wofsey* v. *New York & Stamford Ry. Co.,* 106 Conn. 254, 138 Atl. 136.  If Doerr's application contained no statement as to his age, the commissioner could have issued to him a valid license, if he was satisfied that he was over eighteen, though it developed later that such was not the fact.  If his application contained an incorrect statement as to his age, it may or may not have been a "false" statement.  "False," when applied to the intentional act of a responsible being, implies a purpose to deceive.  *Sallies* v. *Johnson,* 85 Conn. 77, 81 Atl. 974; *State* v. *Smith,* 63 Vt. 201, 22 Atl. 604.  Any license issued upon an application containing any material false statement is void and the money paid therefor is forfeited to the State.  It cannot be that the legislature intended to impose such a penalty for a mere inadvertent or unintentional misstatement, and we must construe the phrase "material false statement" as here used to signify one made with knowledge of its falsity and with an intent to deceive.  It does not appear from the finding that Doerr's application contained any such false statement.

Since it is not found that Doerr's license was issued upon an application containing a material false statement, and since the court may not infer that it was from the fact that he was then less than eighteen, it does not appear that plaintiff's truck was being operated by an unlicensed driver in violation of § 15 of the Motor Vehicles Act.

There is no error.

In this opinion the other judges concurred.