[No. 22285. Department One. March 17, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. DOLORES RHEA WILLIAMS *et al., Appellants*.[1]

*Gus L. Thacker*, for appellants.

*Joseph A. Mallery, Cecil C. Hallin*, and *J. E. Stone*, for respondent.

BEALS, J.—Defendants were charged by information with the crime of being jointists, to which information they pleaded not guilty. Their trial resulted in a verdict of guilty as charged as to each defendant, and from judgment and sentence entered upon this verdict, defendants appeal.

Appellants did not take the stand as witnesses on their own behalf, and they assign error upon the failure of the trial court to instruct the jury that no inference of guilt should be drawn by the jury because of their failure to so testify. It is admitted by appellants in

[1] Reported in 286 Pac. 65.

their brief that no request for any such instruction was made by appellants, or either of them.

Appellants contend that, under the constitution and laws of this state, it was the duty of the trial court to instruct the jury as above indicated, even though no such instruction was requested by them and notwithstanding § 1, rule IX (Criminal Procedure), of the Rules of Pleading, Procedure and Practice adopted by this court January 14, 1927, pursuant to ch. 118, Laws of 1925, Ex. Ses., p. 187 (Rem. 1927 Sup., § 13-1), which section of the rule referred to abrogates that portion of Rem. Comp. Stat., § 2148, which provides that it shall be the duty of the trial court to instruct the jury that no inference of guilt shall arise against an accused should he fail or refuse to testify as a witness on his own behalf.

Only one of the instructions given by the court is included in the record before us, and this record contains no certificate by the court to the effect that the instruction which appellants contend should have been given either was or was not read to the jury, and we are consequently unable to determine from the record whether or not any such instruction was included among those which the court gave.

Assuming, however, that such an instruction was neither requested nor given, the question presented by appellants in their brief was determined against appellants' contention by this court sitting *En Banc* in the case of *State v. Pavelich,* 153 Wash. 379, 279 Pac. 1102, the rule making power of this court having been previously upheld in the case of *State ex rel. Foster-Wyman Lumber Co. v. Superior Court,* 148 Wash. 1, 267 Pac. 770.

Judgment affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.