JOHN CINQUE ET AL. *v.* HENRY ORLANDO ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued December 2, 1953—decided January 26, 1954

*Jack B. Talsky,* with whom was *Alphonse DiBene-detto,* for the appellant (defendant DiBenedetto).

*Sidney L. Goldstein,* for the appellees (plaintiffs).

WYNNE, J. The plaintiffs brought suit against two defendants to collect a bill for services in grading property belonging to the defendant DiBenedetto. From a judgment rendered against him that defend-

ant has appealed. He makes the claim that the plaintiffs rested their case without having offered testimony of any kind bearing upon his liability for the bill in question. A motion for nonsuit was made in his behalf and was denied. Thereafter the trial proceeded. The other defendant, Orlando, testified in his own behalf, as did the defendant DiBenedetto, who failed to rest his case upon the denial of his motion for nonsuit. The question presented is whether the court below could properly use the testimony of Orlando in entering judgment against DiBenedetto.

The court found the following facts: The plaintiffs conduct a business under the name of Cinque's Construction Company. In the transaction in question it was the plaintiff John Cinque who was acting. DiBenedetto owned a shore cottage at 61 Cosey Beach Avenue, East Haven. Sometime prior to June, 1951, he hired Orlando to repair the roof on the cottage. During the progress of this work DiBenedetto requested Orlando to do some grading on the property, including the filling in of a large excavation, and the latter undertook to do it. He and a helper spent three and a half days doing some of the work in question. For this, Orlando was paid $80 by DiBenedetto. When DiBenedetto found that the work was going too slowly, he asked Orlando to get somebody to do it and said that he would pay for it. Thereafter Orlando made a contact with the plaintiff John Cinque and engaged him to complete the grading job at an agreed price of $120.

The trial court found that DiBenedetto was the undisclosed principal of Orlando. DiBenedetto claims that the court was not warranted in finding the facts upon which the conclusion that Orlando acted as DiBenedetto's agent was based, because evi-

dence to prove those facts was not introduced on the plaintiffs' case but came into evidence only during the presentation of Orlando's case. The answer to this contention is that a court makes its finding on the basis of all the credible evidence before it, irrespective of the source from which that evidence comes. *Leitzes* v. *F. L. Caulkins Auto Co.*, 123 Conn. 459, 461, 196 A. 145. It is true that if DiBenedetto had rested his case at the close of the plaintiffs' case and had then prayed judgment, the court would have had to decide the matter without any direct evidence of Orlando's agency. DiBenedetto saw fit to go on with the defense of the case, and by the time the case was closed Orlando's testimony had cured the deficiency in the plaintiffs' case.

The question is whether the testimony of Orlando and his witness Indich could be used, after a motion for a nonsuit as to DiBenedetto had been denied, to establish DiBenedetto's liability. This testimony established the fact that DiBenedetto authorized Orlando to procure Cinque to do the work. True, it may be that the plaintiffs' evidence did not make out a prima facie case against DiBenedetto and that his motion for a nonsuit should have been granted. But the denial of a motion for a nonsuit is not appealable, nor is it assignable error. Maltbie, Conn. App. Proc., § 118. So we cannot be concerned with that. After DiBenedetto's motion for a nonsuit had been denied, he and Orlando both offered testimony. DiBenedetto should have rested. That would have closed the case as to him and made him impervious to Orlando's evidence in defense. In any event, the court, in the interest of justice could have permitted the plaintiffs to reopen their case and establish the facts adduced on Orlando's defense as part of their case in chief. The trial court found that DiBenedetto was the un-

disclosed principal of Orlando and that it was the former, and not the latter, who was liable to the plaintiffs, and gave judgment accordingly. There is nothing in principle to prevent the trial court's accepting the testimony of a codefendant bearing on the claim that he was in fact acting for the other defendant, the latter being an undisclosed principal. At the conclusion of the trial it appeared that DiBenedetto was the owner of the property and that the plaintiffs' work had inured to his benefit.

There is no error.

In this opinion the other judges concurred.