SIGNAL CENTER ELECTRONICS, INC. *v.* RAYMOND F. HEALY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-6111-5723

Argued August 10, 1962—decided March 11, 1963

*Joseph Neiman,* of Hartford, for the appellant (plaintiff).

*J. Weston Maher,* of Hartford, for the appellee (defendant).

GEORGE, J.   This is an appeal by the plaintiff from a judgment for the defendant rendered in an action for fraud.   From the finding, the following facts appear.   The plaintiff is a Connecticut corporation engaged in the wholesale electronic supply business.   The defendant is president, a member of the board of directors and an incorporator of the Healy Enterprises, Inc., a Connecticut corporation whose principal business is repairing radio and television sets.   Defendant's trade name is Newington Electronics.   Healy Enterprises, Inc., had been doing business with the plaintiff since November, 1960, and had been kept on an open account status until May 23, 1961, when it was placed on a cash basis due to the indebtedness which had already accrued to the plaintiff from the Healy Enterprises, Inc.   Despite this fact, Healy Enterprises, Inc., was allowed to make purchases on short-term credit, to be paid by check.   On August 5, 10 and 12, 1961, the defendant or another employee of Healy Enterprises, Inc., purchased and picked up merchandise

from the plaintiff amounting to $50.83. The order blanks for this purchase named Newington Electronics as the purchaser. On August 12, 1961, a check drawn on the South End Bank and Trust Company of Hartford, Connecticut, from the account of Electronics Laboratories, Newington, Connecticut, and dated August 15, 1961, was issued to the plaintiff in the amount of $50.83 in payment for the purchases of August 5, 10 and 12, 1961. On August 14, 1961, the plaintiff deposited the check in its bank account. The check was returned to the plaintiff by its bank with a notation marked thereon indicating there were insufficient funds in the account to cover that amount. The plaintiff later redeposited the check and again its bank returned it, for the reason that payment had been stopped by the defendant.

The allegations of fraud as set forth in the complaint are that the defendant made false representations to the plaintiff, that he was unable to pay for his purchase when he issued the check for $50.83 and he knew the check was worthless, and that he did this in order to induce the plaintiff to sell him the merchandise and in fact, as a result of false representations, did induce plaintiff to sell the merchandise.

The court found that payment of the check was stopped by the defendant, acting as president of Healy Enterprises, Inc., because the stub in the corporation checkbook was blank for this particular check number and, after inquiring of the creditors of Healy Enterprises, Inc., including the plaintiff, he could not determine whether the check had ever been issued and, if so, to whom. The defendant, acting as president of Healy Enterprises, Inc., when called as witness for the plaintiff, testified that he intended to have Healy Enterprises, Inc., reimburse

the plaintiff for the amount of the check but was prevented from doing so by subsequent legal action and attachments against Healy Enterprises, Inc.

After the plaintiff presented its case and rested, the defendant's attorney made the following statement to the court. "I think it is timely at this point, Your Honor, for me to make a motion for dismissal." The defendant based his motion on the claimed failure of the plaintiff to prove fraud on the part of the defendant in his dealings with the plaintiff. The court later filed a memorandum of decision in which it stated: "Defendant's corporation was indebted to the plaintiff in the amount of $50.83 and a judgment for the defendant." The defendant's corporation was never a party to this action.

The plaintiff has assigned error in many aspects of the original trial of the case, but in its brief pursues only three assignments. It is, therefore, deemed to have abandoned all other assignments of error. *Fleischer* v. *Kregelstein,* 150 Conn. 158, 159; *West Realty Co.* v. *Ennis,* 147 Conn. 602, 603; *State* v. *Harris,* 147 Conn. 589, 591.

The first assignment of error attacks the entry of a judgment for defendant, after a motion for dismissal was argued by the defendant, without his first resting his case. A motion for dismissal does not appear in the statutes of the state of Connecticut nor in the case law; however, a motion to dismiss or erase a case from the docket does. A motion to dismiss or erase a case from the docket is available only to raise the question whether, on the face of the record, the court lacks jurisdiction. *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 648; *Ragali* v. *Holmes,* 111 Conn. 663, 664. The defendant, in his argument on the motion, did not raise the question of lack of jurisdiction and therefore did not intend to make a motion to dismiss, but

meant something quite different. The sole question raised by this assignment of error is how did the court treat the motion and was its judgment proper.

As set forth in § 52-210 of the General Statutes, "[i]f, on the trial of any issue of fact in a civil action, the plaintiff has produced his evidence and rested his cause, the defendant may move for judgment as in case of nonsuit, and the court may grant such motion, if in its opinion the plaintiff has failed to make out a prima facie case." The plaintiff contends that the defendant, in seeking a motion for dismissal, was in effect seeking a judgment on nonsuit and therefore no final judgment could have been entered by the court on the issues in favor of the defendant, but merely a judgment of nonsuit. The plaintiff further argues that the defendant never rested and therefore could not move for a judgment on the issues, for it is necessary that the defendant rest his case before moving for judgment on the issues. *Cinque* v. *Orlando,* 140 Conn. 591, 593.

A reading of the portion of the transcript concerning the argument on the motion for dismissal does not indicate that the defendant stated that he rested his case before proceeding with the motion. In fact, counsel for the defendant made the statement, "I believe that at this point I would prefer to rest until you have had an opportunity to decide the motion." It is quite apparent from the foregoing that defense counsel had no intention whatsoever of resting his entire case, because his further proceeding depended on what the decision on the motion would be. Furthermore, the court, in discussion with both counsel stated: "Now, if I should deny the motion, that means that you would have to come in again and prepare additional evidence and take more of your time." This was addressed to

counsel for the defendant. At that time, neither the court nor the defendant's counsel regarded the motion as being final in nature but in effect a motion for nonsuit. However, in its decision, the court treated it as a motion for judgment and ordered judgment for the defendant. This was error. It is therefore unnecessary to discuss the other assignments of error.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion KOSICKI and KINMONTH, Js., concurred.