■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL DE LOATCH, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered June 14, 1962 after a jury trial, convicting him of burglary in the third degree, and imposing sentence. Judgment affirmed. The defendant did not testify. In its charge the court stated that defendant was not required to prove his innocence; that the burden of proving his guilt beyond a reasonable doubt rests on the People; that defendant is presumed to be innocent until the contrary is proved; and that defendant is not required either to take the witness stand himself or to place any other witness on the stand in his defense. There was no specific charge that defendant's neglect or refusal to testify does not create any presumption against him (Code Crim. Pro., § 393). It is error for a trial court not to instruct on this subject when defendant requests it (*Bruno* v. *United States,* 308 U. S. 287; *People* v. *Elliott,* 10 A D 2d 735). Here, there was neither request that such a charge be given, nor exception taken to the failure so to charge. Hence, in the absence of such request or exception, it was not error for the trial court to omit the instruction that no presumption arises from the failure of defendant to take the witness stand in his own behalf (*Johns* v. *State,* 14 Wis. 2d 119, and cases therein cited; *Pereira* v. *United States,* 202 F. 2d 830, affd. 347 U. S. 1; *Bradford* v. *United States,* 129 F. 2d 274, cert. den. 317 U. S. 683; *United States* v. *Schuermann,* 79 F. Supp. 247, affd. 174 F. 2d 397, cert. den. 338 U. S. 831). Beldock, P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.