STATE OF CONNECTICUT *v.* ROBERT LENIHAN

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 9—decided April 28, 1964

*Herbert J. Bundock,* public defender, for the appellant (defendant).

*John F. McGowan,* assistant state's attorney, with whom, on the brief, were *Otto J. Saur,* state's attorney, and *Joseph T. Gormley, Jr.,* assistant state's attorney, for the appellee (state).

HOUSE, J.  The defendant, Robert Lenihan, was convicted by a jury of the crime of attempting to commit an indecent assault.  At the conclusion of this trial, the defendant, having been properly warned in the absence of the court, as provided by § 54-118 of the General Statutes, was presented as a second offender and pleaded not guilty.  He elected trial to the court, was found guilty and was sentenced to prison for a term of not less than four nor more than nine years.  From this judgment he has appealed.

The basic assignment of error is addressed to the court's conclusion that upon all the evidence the defendant was beyond a reasonable doubt guilty as a second offender.  Under the relevant portion of our second offender statute, the state must prove beyond a reasonable doubt the identity of the defendant, his prior conviction and his imprisonment.[1]

---

[1] "Sec.  54-118.  PUNISHMENT UPON SECOND AND THIRD CONVICTION.  Any person having been convicted of any crime and imprisoned therefor in the State Prison or state reformatory in this state or in any state prison or penitentiary for a term less than life, who afterwards is convicted of any crime for which the imprisonment may be a term in the State Prison, may be imprisoned therein for a term not exceeding double the term provided by law for such offense."

It is the defendant's contention that the state did not sustain its burden of proof as to imprisonment.

At the trial, a police captain testified to the identity of the defendant. In addition, an assistant clerk of the Superior Court appeared with the court's record of the earlier case and testified that the defendant in 1954 pleaded guilty to the charge of assault with intent to kill and was sentenced to the state prison for a period of one to three years. The state then offered the 1954 court record as an exhibit. The court indicated it was unnecessary to mark the record as an exhibit since it would take judicial notice of the record unless there was objection. There was no objection.

There is no question concerning the trial court's power to take judicial notice of a file in a proper case in the same court, whether or not between the same parties. *Guerriero* v. *Galasso,* 144 Conn. 600, 605, 136 A.2d 497; *Davis* v. *Maislen,* 116 Conn. 375, 384, 165 A. 451; *McCleave* v. *John J. Flanagan Co.,* 115 Conn. 36, 38, 160 A. 305. We also may take judicial notice of files of the Superior Court in the same or other cases. *McCleave* v. *John J. Flanagan Co.,* supra; *Politzer* v. *Jeffrey, Inc.,* 133 Conn. 605, 606, 53 A.2d 201; Maltbie, Conn. App. Proc. §§ 312, 313. "The notations made by the clerk upon the original papers and in the docket need no particular authentication but, appearing as made by him in the appropriate place, may be presumed to be accurate." *State* v. *Lindsay,* 109 Conn. 239, 243, 146 A. 290. An examination of the judicially noticed file about which the assistant clerk testified corroborates his testimony and also indicates that, after the defendant was sentenced, a warrant, in the form of a mittimus, was issued. The mittimus is the warrant by virtue of which a convict is transported

to and rightly held in prison. *Redway* v. *Walker,* 132 Conn. 300, 303, 43 A.2d 748. It is the statutory duty of the sheriff to execute such warrants for the commitment of convicts to the state prison by delivering such convicts to the warden at the prison. General Statutes § 54-98. It is presumed until the contrary appears that every act recited in a judicial record was properly done. *American Bonding Co.* v. *Hoyt,* 88 Conn. 251, 255, 90 A. 932; *Church* v. *Pearne,* 75 Conn. 350, 351, 53 A. 955. It is also presumed until the contrary appears that a public officer acting officially has done his duty. *Comley ex rel. Brown* v. *Lawlor,* 119 Conn. 155, 161, 174 A. 415; *Salt's Textile Mfg. Co.* v. *Ghent,* 107 Conn. 211, 215, 139 A. 694; *Hellman* v. *Karp,* 93 Conn. 317, 323, 105 A. 678; *Atwater* v. *O'Reilly,* 81 Conn. 367, 371, 71 A. 505. These presumptions serve the purpose of evidence in making a prima facie case, which is established when the evidence indicates to a reasonable person such a strong probability of guilt that a denial or explanation by the defendant is reasonably called for. *New London* v. *New York, N.H. & H.R. Co.,* 85 Conn. 595, 600, 84 A. 114; *State* v. *DelVecchio,* 145 Conn. 549, 553, 145 A.2d 199; *State* v. *DeCoster,* 147 Conn. 502, 506, 162 A.2d 704.

It is this reasoning which supports the rule as stated in *People* v. *Meier,* 3 Ill. 2d 29, 30, 119 N.E.2d 792: "[W]here the record shows a previous conviction and sentence to the penitentiary it will be presumed that the officers charged with enforcement of the sentence performed their duties and proof of actual incarceration is unnecessary. If, in fact, the accused was not actually incarcerated the burden is upon him to establish such fact." See also 1 Underhill, Criminal Evidence (5th Ed.) § 222. Thus, once identity is established and it is proved

that a prison sentence has been imposed and a mittimus issued, the state has made out a prima facie case under the second offender statute, and the defendant himself must then go forward with any evidence to rebut the presumption of imprisonment thus raised. The defendant did not do so. On this issue, there was ample evidence to justify the court's conclusion.

A further claim of the defendant is that the court erred in allowing the state to open the case and recall a witness after the defense had rested. When the defense rested, the state requested permission to open the case for the purpose of asking one further question of a witness who had already testified. The assistant state's attorney represented to the court that it was a question which he had forgotten to ask while the witness was on the stand. The ruling was not an abuse of the court's discretion. *State* v. *Williams,* 90 Conn. 126, 131, 96 A. 370; *State* v. *Ricker,* 90 Conn. 147, 150, 96 A. 941; *Cinque* v. *Orlando,* 140 Conn. 591, 593, 102 A.2d 532.

There is no error.

In this opinion the other judges concurred.